UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJUAN EDWARDS, #233962,

       Plaintiff,                      CIVIL ACTION NO. 11-12926

      v.                             DISTRICT JUDGE MARIANNE O. BATTANI

DEBRA SCUTT, E. WALTON,       MAGISTRATE JUDGE MARK A. RANDON
J. RUDOLPH, and MICHIGAN
DEPARTMENT OF CORRECTIONS,

       Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANTS' MOTION TO DISMISS (DKT. NO. 30)

### I. INTRODUCTION

This is a prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff DeJuan Edwards alleges that prison officials refused to restore his forfeited disciplinary credits – extending his parole eligibility date – in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Judge Marianne Battani referred the case to this Magistrate Judge for all pretrial matters (Dkt. No. 9).

Defendants' motion to dismiss is pending (Dkt. No. 30). The motion seeks dismissal of Plaintiff's Complaint on three grounds: (1) there is no liberty interest in disciplinary credits; (2) the refusal to restore disciplinary credits is not cruel and unusual punishment under the Eighth Amendment and, alternatively; (3) Defendants are entitled to qualified immunity. Plaintiff responded to the motion (Dkt. No. 32); a hearing is not required. E. D Mich. LR 7.1(f). Because

Defendants' first and second grounds for relief are correct, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

## II. FACTS

Plaintiff was convicted of three counts of second degree murder, two counts of assault with intent to murder and one count of felony firearm. Plaintiff's crimes were committed on February 24, 1993; he is currently serving a 20-40 year prison sentence in the Parnall Correctional Facility in Jackson, Michigan ("Parnall"). Plaintiff's earliest release date is May 25, 2012; his maximum discharge date is August 29, 2028.[1]

Defendants are the Michigan Department of Corrections and three officials at Parnall: Warden Debra Scutt, Resident Unit Manager ("RUM") Eric Walton and Analyst Julie Rudolf. Plaintiff challenges the constitutionality of Defendants' decision not to restore disciplinary credits that were forfeited because he was found guilty of several major misconducts at Parnall.

**A. Michigan's Disciplinary Credit Program**

***1. Earning disciplinary credits***

In Michigan, "all prisoners serving a sentence for a crime that was committed on or after April 1, 1987 are eligible to earn disciplinary and special disciplinary credits" Mich Comp. Laws §800.33(3).[2] A prisoner can earn a disciplinary credit of 5 days per month and "may be awarded

---

[1] *See* the Michigan Department of Correction's Offender Tracking System (OTIS), available at http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=233962.

[2] The former "good time system" – unlike the disciplinary credit system subtracted days from a prisoners overall sentence and *did* create a constitutional liberty interest – does not apply to crimes committed after April 1, 1987. *See*, *Wilson v. Rapelje*, No. 09–13030, 2010 WL 5491196, at * 3 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation), adopted as judgment

2 [additional] days per month special disciplinary credits for good institutional conduct on the recommendation of the disciplinary credit committee[3] and the concurrence of the warden based on an annual review of the prisoner's institutional record." Mich. Comp. Laws §800.33(5). Accumulated disciplinary and special disciplinary credits are "deducted from a prisoner's minimum and maximum sentence in order to determine his or her parole eligibility date and discharge date." Mich. Comp. Laws §800.33(3).

### 2. *The difference between "not earning" and "forfeiting" disciplinary credits*

A prisoner cannot earn disciplinary credits during any month he is found guilty of a major misconduct. Mich. Comp. Laws §800.33(5). *In addition*, "[t]he warden may order that a prisoner found guilty of a major misconduct, including but not limited to charges of rioting, inciting to riot, escape, homicide, or assault and battery, forfeit all or a portion of the disciplinary credits accumulated *prior to the month in which the misconduct occurred*. (Emphasis added). *Id*. Thus, disciplinary credits lost during the month of a misconduct are considered "not earned"; those lost for any prior month or months are considered "forfeited."

Disciplinary credits "not earned" can *never* be restored. *Id.* However, as discussed below, "forfeited" credits *may* be restored. *Id.*

### 3. *Restoration of forfeited credits*

The disciplinary credit committee must review, at least annually, the status of each prisoner in the housing unit who has forfeited disciplinary credits and may recommend to the

---

of court, 2011 WL 5491196 (Jan. 4, 2011).

[3] The disciplinary credit committee is comprised of the prisoner's resident unit manager, custody officers in the resident unit with direct supervisory responsibilities over the prisoner, and the appropriate work or school assignment supervisor. Mich. Comp. Laws §800.33(5).

warden whether any forfeited disciplinary credits should be restored. *Id.* Upon the committee's recommendation, "[t]he warden, as a reward for good conduct, may restore to a prisoner the whole or any portion of the . . . disciplinary credits forfeited because of a finding of guilty for a major misconduct." Mich. Comp. Laws § 800.33(10).

## B. Plaintiff's Complaint Allegations

Over time, Plaintiff was found guilty of major misconducts, which resulted in the loss of 250 disciplinary credits.[4] On February 17, 2011, Plaintiff sent RUM Walton a letter requesting that, as part of Plaintiff's annual review, Walton consider restoring these credits (Dkt. No. 1, ECF p. 8). Walton responded to Plaintiff's request, in writing, on March 2, 2011. Walton informed Plaintiff that he and the disciplinary committee had agreed that Plaintiff would not be eligible for restoration of any forfeited disciplinary credits because Plaintiff had not earned a GED (high school equivalency) (Dkt. No. 1, Ex. C).

Plaintiff asked Walton to "re-review" his restoration request, citing a Policy Directive which stated that a prisoner need only make "satisfactory progress" towards completing a GED in order to be eligible for restoration of disciplinary credits (Dkt. No. 1, ECF p. 8). Plaintiff explained to Walton that he had made progress towards obtaining his GED, given the fact that he could not read when he entered prison and had "passed" portions of the GED test when afforded a "double-time" accommodation time because he reads slowly (*Id.* at 8-9).[5] In response, Walton

---

[4] Plaintiff's Complaint does not say whether these 250 disciplinary credits were "not earned," "forfeited" or a combination of both. As discussed, only the forfeited credits would be eligible for restoration.

[5] Plaintiff alleges that he received an official double-time accommodation from the Board of Education in Washington DC on June 24, 2011.

told Plaintiff that he discarded Plaintiff's re-review request and was sticking with his previous decision.

Plaintiff wrote to Warden Scutt. After Scutt answered and upheld Walton's decision, Plaintiff filed a grievance contesting the determination. He also filed one or more "grievances/complaints" challenging the make-up of the disciplinary credit committee. When these actions failed to achieve restoration of his disciplinary credits, Plaintiff filed this lawsuit seeking monetary damages, declaratory and injunctive relief.

### III. ANALYSIS

**A. Motion To Dismiss Standard**

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b) (6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a Rule 12(b)(6) motion for dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough

to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (citing *Bell Atlantic*, 550 U.S. at 555).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).

## B. Plaintiff's Fourteenth Amendment Claim Must be Dismissed

### *1. There is no liberty interest in disciplinary credits*

Plaintiff's response to Defendants' motion to dismiss argues that a liberty interest in the restoration of forfeited disciplinary credits was created by virtue of the statutory language that states: "[d]isciplinary credits *shall* be earned, forfeited, and restored as provided in this section." Mich. Comp. Laws §800.33(3). (Emphasis added) (Dkt. No. 32, ECF p. 3). Plaintiff also argues that in *Dejuan Edwards v. Prelesnik*, No. 10-2005 (6th Cir. Aug. 9, 2011) (unpublished op.), the Sixth Circuit held that he had a "liberty interest in [the] restoration of earned accumulated disciplinary credits that warrant protection of an Informal Non-Adversary Disciplinary Credits Review" (Dkt. No. 32, ECF p. 7). Plaintiff is mistaken on both counts.

The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir.2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's

sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. 481 F.3d at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord, Wilson v. Rapelje*, No. 09–13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), adopted as judgment of court, 2011 WL 5491196 (Jan. 4, 2011). In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of (or failure to restore) disciplinary credits. *See Bell v. Anderson*, 301 F. App'x 459, 461–62 (6th Cir. 2008).

Moreover, in *Dejuan Edwards v. Prelesnik,* the Sixth Circuit did not find a liberty interest in the restoration of earned accumulated *disciplinary credits*. Rather, in affirming the district court's dismissal of Plaintiff's complaint in an unrelated lawsuit involving *good time credits*,[6] the court found that the prison had nevertheless provided Plaintiff the due process requirement of an informal, non-adversary review. *Dejuan Edwards v. Prelesnik*, No. 10-2005 *3 (6th Cir. Aug. 9, 2011) (unpublished op.). Therefore, since Plaintiff cannot establish a liberty interest in the restoration of disciplinary credits, his Fourteenth Amendment claim must be dismissed.

---

[6] *See*, note 2.

## C. Plaintiff's Eighth Amendment Claim Must be Dismissed

### 1. *The failure to restore forfeited disciplinary credits is not cruel and unusual punishment*

The Eighth Amendment provides "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. Amend. VIII. In its purest sense, the Eighth Amendment proscribes cruel and unusual punishment meted out in a penal or disciplinary sense. In its application by the courts, the Amendment actually protects a wide assortment of interests. It proscribes disproportionate punishments, *see Weems v. United States*, 217 U.S. 349, 366-367 (1910), "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86 (1958) (plurality opinion).

The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). On the other hand, it does not permit inhumane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment imposes affirmative duties on prison officials, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" *Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). If the offending conduct is not a criminal penalty, then it must reflect an "unnecessary and wanton infliction of pain" to come within the Eighth Amendment prohibition on cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  Such claims must satisfy both an objective and subjective test.  *See also Farmer v. Brennan*, 511 U.S. 834; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991).  Under this analysis, what constitutes unnecessary and wanton infliction of pain will vary depending on the nature of the alleged constitutional violation.  *See Hudson v. McMillain*, 503 U.S. 1, 5 (1992); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).  The objective prong asks whether the harm inflicted by the conduct is sufficiently serious to warrant Eighth Amendment protection.  *See Hudson* v. *McMillian,* 503 U.S. 1; *Rhodes v. Chapman*, 452 U.S. 337.  To satisfy this prong, the conduct must deprive the plaintiff of "the minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347.  The objective component is contextually driven and is responsive to "contemporary standards of decency."  *McMillian*, 503 U.S. at 8 (quoting *Estelle*, 429 U.S. at 103).

Under the standard articulated above, Plaintiff's allegation that Defendants failed to restore his forfeited disciplinary credits is far from sufficiently serious to warrant Eighth Amendment Protection.  Therefore, Plaintiff's Eighth Amendment claim must be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' motion to dismiss be **GRANTED**, and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v.*

*Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon  
Mark A. Randon  
United States Magistrate Judge

Dated: April 18, 2012

Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, April 18, 2012, electronically.*

*s/Melody R. Miles*  
*Case Manager to Magistrate Judge Mark A. Randon*