UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJUAN EDWARDS, # 233963,

       Plaintiff,                        Case No. 11-12926

                                            Hon. Marianne O. Battani

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.

_____/

**ORDER DENYING PLAINTIFF'S OBJECTION AND ADOPTING REPORT AND
RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS**

Plaintiff Dejuan Edwards filed this action on July 7, 2011, alleging that Defendants violated his civil rights. The Court referred this matter to Magistrate Judge Mark A. Randon for all pretrial proceedings. (See Doc. No. 9).

In a Report and Recommendation ("R&R") dated April 18, 2012, the Magistrate Judge recommended that Plaintiff's complaint be dismissed for failure to state a claim. Plaintiff objects. For the reasons that follow, the Court **ADOPTS** the Report and Recommendation and **DISMISSES** Plaintiff's complaint.

**I. FACTS**

Edwards is serving a twenty to forty year prison term. In his complaint, Plaintiff alleges that the Michigan Department of Corrections and officials at the Parnall Correctional Facility in Jackson, Michigan violated his civil rights. Defendants include Debra Scutt, the Warden, Eric Walton, a Resident Unit Manger, and Julie Rudolph, a Department Analyst.

According to Edwards, prior to his annual review he requested that his accumulated forfeited disciplinary credits be restored and considered. (Doc. No. 1). After his request was declined, Edwards filed this action, seeking restoration of forfeited disciplinary credits. Disciplinary credits are applied to the minimum and maximum sentences that an inmate is serving, making the inmate eligible for parole sooner than otherwise would be the case. Edwards alleges that Defendants violated his constitutional rights through their refusal to restore his disciplinary credits.

In his R&R, the Magistrate Judge recommended that Plaintiff's Fourteenth Amendment claim must be dismissed because he has no liberty interest in disciplinary credits. He further recommended that Plaintiff's Eighth Amendment claim be dismissed because the failure to restore the forfeited disciplinary credits does not constitute cruel and unusual punishment.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1)(C). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## III. ANALYSIS

Although Plaintiff repeats the arguments he advanced in response to Defendants' motion in his Objection, the Court observes that he raises one argument that was not addressed in the R&R. He asserts that his due process rights were violated because

Defendants failed to include his work supervisor on the committee.

The make-up of the Disciplinary Committee is governed by statute.  See Mich. Comp. Laws § 800.33.  Pursuant to the statute, "[t]he disciplinary credit committee, which is comprised of the prisoner's resident unit manager, custody officers in the resident unit with direct supervisory responsibilities over the prisoner, and the appropriate work or school assignment supervisor" review forfeited credits and "recommend to the warden" restoration of forfeited credits.  Id.

Even if Plaintiff is correct that his work supervisor was not on the committee and should have been included, his complaint fails to state a Fourteenth Amendment claim.  It is clear under longstanding Supreme Court authority that no due process interest arises from a statute or regulation that merely establishes procedural requirements.  Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983).  Simply put, Michigan "did not create an independent substantive right merely by establishing procedures" for who would participate in the periodic reviews.  See Underwood v. Luoma, No. 03-2612, 2004 WL 1859098 (6th Cir. Aug. 17, 2004).

**CONCLUSION**

For the reasons stated above, the Court **DENIES** the objection and **ADOPTS** the Report and Recommendation.  Accordingly, Defendants' motion is **GRANTED**.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATE: August 2, 2012

CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager
